IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **VIRGINIA R. ROBERTS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.                                                          ) | Case No. 04-1233-WEB |
| ) | |
| **CHESAPEAKE OPERATING, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to amend their answer to assert additional defenses. (Doc. 20). Plaintiffs oppose the motion. For the reasons set forth below, the motion shall be GRANTED.

### Background

Plaintiffs are the owners of minerals underlying approximately 9,000 acres in Kansas which are the subject of oil and gas leases. Defendants own and/or operate the oil and gas leases. Plaintiffs allege that defendants have failed to pay the proper amount of royalties and seek both an accounting and payment of royalties due under the leases.

The parties unsuccessfully mediated their case before Magistrate Judge Donald Bostwick on November 22, 2004. Shortly after mediation (December 6, 2004), defendants

filed the present motion to amend their answer to (1) request reformation of the terms of the lease agreements to conform to the parties' long-standing course of conduct and (2) assert a contract clause concerning the unavailability of a published pricing index and right to arbitration.[1]

## Analysis

The standard for permitting a party to amend its answer is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court

---

[1] A 1995 contract amendment contains a pricing mechanism related to the price paid by Williams Gas Pipelines Central, Inc. for spot purchases in Texas, Oklahoma and Kansas (the "Williams index price"). Defendants argue that the ownership and control of Williams Gas Pipeline changed November 15, 2002 and that "Inside FERC's Gas Market Report" ceased publishing the "Williams price index" on August 1, 2004. The proposed amendment asserts that the parties are obligated to engage in arbitration if they are unable to agree on a replacement index.

[2] Under limited circumstances, a defendant may amend its answer once as a matter of right. Fed. R. Civ. P. 15(a). The exceptions are not applicable to this case and will not be discussed in this opinion.

considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

### Untimely and Prejudicial

Plaintiffs argue that the motion to amend should be denied as untimely because the scheduling order established an October 1, 2004 deadline for moving to amend and defendants filed their motion on December 6, 2004. Defendants counter that they timely moved to amend after discovering "precisely what the plaintiffs asserted as their understanding of the contract terms" during the November 22 mediation. Plaintiffs dispute that any new theory of recovery was "communicated in the mediation between the parties."

Notwithstanding plaintiffs' argument concerning the consistency of their theory of recovery, the court is persuaded that defendants did acquire a better understanding of plaintiffs' claims during the mediation process. More importantly, the delay of approximately one month in moving to amend is relatively minor in the context of this case and its current posture; therefore, plaintiffs' "untimely" objection will be overruled.

Plaintiffs also argue that they will suffer prejudice because of the additional time, effort, and expense in addressing defendants' new defenses. This court is of the opinion that any such prejudice is minimal and outweighed by the preference in federal court that cases be decided on the merits rather than on procedural technicalities. Accordingly, plaintiffs'

prejudice objection is overruled.[3]

## Futile

Plaintiffs assert that "reformation" is not an appropriate defense in this case because there is no "mutual mistake of fact between the parties." While this argument may ultimately be successful at trial, the contention requires a resolution of factual matters which are not properly before the court. Accordingly, plaintiffs' futility argument shall be overruled.[4]

**IT IS THEREFORE ORDERED** that defendants' motion to amend their answer **(Doc. 20)** is **GRANTED.** Defendants shall file their amended answer by **January 27, 2005.**[5]

Dated at Wichita, Kansas this 20th day of January 2005.

S/ Karen M. Humphreys

---

KAREN M. HUMPHREYS
United States Magistrate Judge

---

[3] It does not appear that any discovery, such as a deposition, will need to be revisited because of the amended answer. However, plaintiffs may file a motion to shift the costs of discovery to defendants if the amended answer results in repetitive discovery expenses.

[4] Plaintiffs also oppose the motion to amend based on "bad faith." The court finds no basis for a finding of bad faith and rejects this argument without further comment.

[5] Consistent with statements and representations made during the January 20, 2005, status conference, defendant shall amend its answer to assert contract rights to engage in arbitration beginning August 2004.