IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


VIRGINIA R. ROBERTS, et al,                    )
                                               )
                        Plaintiffs,            )
                                               )
v.                                             )          No.  04-1233 WEB
                                               )
CHESAPEAKE OPERATING, INC., et al,   )
                                               )
                                               )
                        Defendants.            )
                                               )

**MEMORANDUM AND ORDER**

Plaintiffs filed this action for an accounting in Comanche County District Court on June

17, 2004.  Defendants then removed the action to the United States District Court for the District

of Kansas on July 20, 2004. *See* Petition; Notice of Removal (Doc. 1).

On March 18, 2008, this Court referred this matter to a Special Master, Dennis Gillen, for

the purpose of determining whether the plaintiffs are entitled to additional royalties for the

period May 1999 through July 2004 under a Royalty Agreement Amendment No. 2.  *See* Agreed

Order Appointing Special Master, pp. 2-4 (Doc. 93).

The parties conducted an evidentiary hearing before the Special Master on August 12-13,

2008.  *See* Special Master's Initial Report, p. 1 (Doc. 104).  On December 12, 2008, the Special

Master issued his initial report finding in favor of Plaintiffs and awarding them $881,907.93 in

additional royalties under Amendment No. 2 for the period of June 1999 through July 2004. *See*

*id.* at 21.  The Special Master reserved for later determination Plaintiffs' claims for interest and

1

attorney's fees.

On July 20, 2009, the Special Master's Report (Doc. 109), dated July 17, 2009, was filed

with the Court.  The Plaintiffs filed a Motion for Attorney Fees and Interest as a Result of the

Special Master's Report of July 17, 2009.  (Doc. 116).  Defendant filed a Response (Doc. 117) to

Plaintiff's motion on August 25, 2009.  The Plaintiffs filed their Reply on August 31, 2009.

On September 28, 2009, the Special Master issued a Specific Award of Fees, Costs, and

Interest. (Doc. 119).  On September 30, 2009, Plaintiffs filed a Motion for Order to Adopt

Special Master's Report and Special Master's Specific Award of Fees, Costs, and Interest.  (Doc.

120).  On October 14, 2009, the Defendant filed a Response to Plaintiffs' Motion.  (Doc. 121).

Although this court's Order Adopting and Affirming the Initial Report of the Special Master

(Doc. 105) is now on appeal to the 10th Circuit, that appeal has been abated pending

determination of these remaining dispositive issues.

## Special Master's Ruling

. The Special Master found that the "plaintiffs are entitled to an award of interest on the

principal amount of $881,907.33 as being payments which 'should be made' by the defendants

(K.S.A. 55-1614(a)), all set forth in the Initial Special Master's Report for that period of June

1999 through July 2004.  Accordingly, plaintiffs are entitled to an award of interest at the rate

prescribed in K.S.A. 55-1614(h) and K.S.A. 55-1615, *et seq.*"  Special Master's Report, July 17,

2009, Doc. 109, p. 13.

However, the Special Master found that the plaintiffs were not entitled to an award of

interest on the principal amount of the Arbitration Award of $535,455.32 because (1) no

additional sum was required to be paid (i.e., "should be paid")  unless or until it was determined

that the alternate "pricing index or method to be utilized" as established by arbitration resulted in

royalties in excess of that previously paid to the plaintiffs by defendants; (2) until that

determination was made, no additional royalties were required or "should be made" as provided

in K.S.A. 55-1614 since that amount was an unascertainable or potentially nonexistent sum; and

(3) alternatively, a good faith dispute existed between the parties; that the defendant has made

timely payments; and that pursuant to the relevant Kansas cases concerning balancing the

equitable elements, the defendant should not be required, under the present circumstances, to pay

interest on said sum through and including the date of the Arbitration Decision.  *Id. at* 13-14.

The Special Master found that simple interest is appropriate.  *Id. at* 14 (citing *Quinlan v. Koch*

*Oil Co.,* 25 F.3d 936, 941 (10th Cir. 1994)) (further internal citations omitted).

Finally, the Special Master found that Plaintiffs are entitled to an award of attorneys' fees

expended in litigation, except for those proceedings conducted solely within the arbitration and

specifically outlined in the Report.  Special Master's Report, July 17, 2009, Doc. 109, p. 19-20.

**Defendants' Objections**

Defendants make three objections to the Special Master's Ruling.  First, that the Special

Master erred by recommending an award of discretionary prejudgment interest based on debts

that were unliquidated prior to judgment.  The defendants assert that the Special Master

erroneously concluded that plaintiffs are entitled to mandatory prejudgment interest without

regard to whether the amount of unpaid royalties was liquidated or unliquidated.

Second, that there is no basis for awarding discretionary prejudgment interest because

plaintiffs have failed to demonstrate unusual circumstances to warrant deviating from the general

rule, citing *Kearney v. Kansas Public Service Co.*, 233 Kan. 492 (1983).  The general rule is that

pre-judgment interest does not accrue on an unliquidated debt, but the Kansas Supreme Court

has given an exception to that rule in cases involving "unusual circumstances." *Id. at* 505.

Lastly, defendants argue that plaintiffs are not entitled to a discretionary award of

attorneys' fees and costs. K.S.A. 55-1617 provides, in part: "[t]he prevailing party in a

proceeding brought pursuant to this act on which a judgment is rendered may recover court costs

and reasonable attorney fees at the discretion of the court." Defendants assert that the plaintiffs'

request for attorneys' fees and costs should have been denied by the Special Master, noting that

K.S.A. 55-1617 does not mandate and award of fees and costs; rather, it is discretionary.

## Standard of Review

A court may "adopt, or affirm, modify, wholly or partly reject or reverse" a Special

Master's report or recommendation. Fed. R. Civ. P. 53(f)(1). In the present case, the parties

have stipulated that the Special Master's findings of fact are final and cannot be reviewed. *See*

Exhibit B, Agreed Order Appointing Special Master (Doc. 101). However, legal conclusions are

reviewable *de novo*. Fed. R. Civ. P. 53(f)(1), (4).

## Discussion

With regard to the defendants' objections concerning the award of prejudgment interest, the

"general rule is that an unliquidated claim for damages does not draw interest until liquidated." *In*

*re Tax Protests of Midland Industries, Inc.*, 237 Kan. 867, 868 (1985) (internal citation omitted).

"A claim becomes liquidated when both the amount due and the date on which it is due are

fixed and certain, or when the same become definitely *ascertainable by mathematical computation*.

Where an amount is due upon contract, either expressed or implied, and there is no uncertainty as

to the amount which is due or the date on which it becomes due, the creditor is entitled to recover

interest from the due date." *Plains Resources, Inc. v. Gable,* 235 Kan. 580, 583, 682 P.2d 653 (1984) (emphasis added).

The Special Master found that: "the amount of Royalties owed for the period of June 1999 through July 2004 was *ascertainable by mathematical computation* based upon the business terms established by the parties in their historical course of dealings." *See applicable* Findings of Fact, Arbitration Decision dated September 14, 2007; Initial Special Master's Report dated December 12, 2008; and Memorandum and Order of the Court dated June 12, 2009. (Emphasis added).

This Court holds that the Special Master's finding that the royalties owed for the period of June 1999 through July 2004, a total of $881,907.93, were "ascertainable by mathematical computation" means that they were liquidated. Therefore, the Special Master did not err in awarding prejudgment interest on that amount.

The defendants' second objection–that the "unusual circumstances" exception for granting prejudgment interest on unliquidated debt (*Kearney v. Kansas Public Service Co.*, 233 Kan. 492 (1983))--does not apply to the case at hand since the Special Master found the debt to be liquidated. The exceptions to the general rule on liquidated damages include: (1) statutory authority otherwise, (2) to provide full compensation, (3) unreasonable and vexatious delay, and (4) at the court's discretion. *See Atena Casualty & Surety Co. v. Helper State Bank,* 630 P.2d 721, 729, 6 Kan. App. 2d 543 (Kan. 1982); *Light cap,* 562 P.2d at 16; *Lippert v. Angle,* 508 P.2d 920, 927, 211 Kan. 695 (1973). These exceptions rise from the equitable concern of "mak[ing] the plaintiff whole." *Atena,* 60 P.2d at 729.

Even if the Special Master had not found that the debt for the period at issue was liquidated, it must be noted that courts have been moving away from the traditional distinction between

liquidated and unliquidated claims. *See, e.g., Kansas v. Colorado,* 533 U.S. 1, 10-11 (2001). Such cases hold that injured parties suffer losses which may not be fully compensated if their recovery is confined to the amount recoverable as of the time of breach and no additional amount is added for the delay in obtaining the damages. *Id.* This reasoning is similar to the "full compensation" exception for K.S.A. 16-201 and the legislative history of K.S.A. 55-1615. *Light cap v. Mobile Oil Corp.,* 562 P.2d 1, 16 (1977) (quoting *American Jurisprudence 2nd ed.*). The legislative history demonstrates a strict liability mentality for failing to pay timely royalties by noting that exceptions for failure to pay are omitted from the statute and justifications are not considered. *See* House Judiciary Committee Testimony by Gregory J. Stucky at 3, March 26, 1991, SB 13, Ch. 160 (1991). Even if this alternative view applies, the Special Master did not err in determining that prejudgment interest was required to make the plaintiffs whole under the facts of this case.

The Court now moves to the defendants' final objection–that the Special Master erred in awarding plaintiffs attorneys' fees and costs. The relevant statute, K.S.A. 55-1617 was enacted in conjunction with K.S.A. 55-1614, *et. seq.* K.S.A. 55-1617 provides that the prevailing party may recover court costs and reasonably attorneys' fees at the discretion of the court. The "prevailing party" to a suit is the one who is substantially successful on the main issue, considering the outcome of the case in its entirety. *Szoboszlay v. Glessner,* 664 P.2d 1327, 1333, 233 Kan. 475 (1983). The Kansas Supreme Court has defined "prevailing party" as:

> The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment is entered. The party ultimately prevailing when the party is finally set at rest.

*Id.* If each party is successful in different aspects then the prevailing party is the one who is awarded a net judgment, because the whole case must be considered. *See Harris Market Research v. Marshall Marketing & Communications, Inc.,* 948 F.2d 1518, 1527 (10th Cir. Kan. 1991).

The Special Master found that the plaintiffs were successful in their request for recovery of additional royalties–which was the core issue of the case and the central request for relief. *See* Special Master's Report, July 17, 2009, Doc. 109, p. 16. Ultimately, the defendants were found to owe the plaintiffs $1,417,363.25, $535,455.32 of which the defendants did not appeal. The Court finds that the plaintiffs are appropriately considered the "prevailing party." *See* K.S.A. 55-1617; *Szoboszlay*, 664 P.2d at 1334.

The Special Master found that the arbitration was a "unique severable subset" required by the contract between the parties and that the pricing issue was a "stand alone" issue. Special Master's Report, July 17, 2009, Doc. 109, pp. 18-19. A party's proportional success, compared with the relief sought, should be considered as it would be inequitable and unreasonable to grant a substantial award of attorneys' fees to a party that achieves minimal success. *Fusion, Inc. v. Nebraska Aluminum Castings, Inc.,* 962 F. Supp. 1392, 1398 (D. Kan. 1997). When applying a discretionary attorneys' fees provision, the Court may limit a fees award to reflect a party's proportional success in litigation. *See, e.g., Harris Market Research,* 948 F.2d at 1528.

K.S.A. 55-1617 provides that the "prevailing party...may recover court costs and reasonable attorneys' fees at the discretion of the court." The Court finds that the Special Master did not abuse his discretion in awarding the fees and costs he specified. The Special Master's Report took the proportionate success of each party into account when awarding attorneys fees. The plaintiffs were forced to litigate their claim to recover royalties to which they were entitled.

## Conclusion

Therefore, for the foregoing reasons the Court denies the Defendants' objections to the

Special Master's Report and finds that the Special Master's Report should be adopted and

affirmed. The plaintiffs are entitled to attorneys' fees, costs, and interest in accordance with the

Special Master's Specific Award of Fees, Costs, and Interest. (Doc. 119).

Plaintiffs' Motion for Order to Adopt Special Master's Report and Special Master's

Specific Award of Fees, Costs, and Interest (Doc. 120) is GRANTED.

IT IS SO ORDERED this 26th day of February, 2010, at Wichita, Kansas.


s/ Wesley E. Brown

Wesley E. Brown

U.S. Senior District Judge